A. L. SONN BRUSH COMPANY, Respondent, v. THE LUMBER MUTUAL FIRE INSURANCE COMPANY OF BOSTON, MASS., Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

BENJAMIN F. LEE, JR., and Another, as Executors, etc., of GEORGE W. LEE, Deceased, Appellants, v. EUGENE BLISS, Respondent; LEWIS WILLARD, Defendant. — Appeal from an order denying a motion for judgment on the pleadings. A contract for the sale of land was entered into by plaintiff's intestate and the defendants. According to this contract the plaintiff agreed to pay one-half of the taxes assessed in 1928. There was then a lien on the property for unpaid taxes of 1927. It is conceded that these taxes were not paid until March, 1931. The defendant Willard defaulted, and the defendant Bliss answered alleging these facts. And he also alleged notice to the plaintiff that unless he complied with the terms of the contract by paying the taxes, the defendants would abandon and refuse to perform. The defendant Bliss alleges that the contract was surrendered, and the land repossessed by the plaintiff. The contract itself specified no time when the taxes in question were to be paid. These facts do not present a case for judgment on the pleadings. Order affirmed, with ten dollars costs and disbursements. Rhodes, McNamee and Crapser, JJ., concur; Hill, P. J., and Heffernan, J., dissent.

ROY LAWSON, Respondent, v. MARY C. YEO, Appellant, and JAMY ANGELO, Respondent.— Appeal from a judgment of the Supreme Court entered in the Broome county clerk's office on March 25, 1936, after a trial by the court adjudging that plaintiff contractor has a mechanic's lien on certain real property of defendant for $750.35, with interest and costs, subject to $284.25 due a subcontractor, and foreclosing the lien and directing a sale. This action to foreclose a mechanic's lien arose out of the performance of a contract between plaintiff, as contractor, and defendant Yeo, as owner, for the erection of a dwelling. Plaintiff claimed a balance unpaid upon the contract of $900 and for extra work of $154, less a small credit. Defendant Yeo contended that plaintiff did not complete the building within the time specified, did not pay for labor and materials, and that the work was faulty. A large number of small items were involved. The trial court found that plaintiff had substantially performed his contract and awarded plaintiff $902.35, less an allowance on a counterclaim of $152, leaving a total of $750.35, subject to a deduction of $284.25 to be first paid to a subcontractor, the defendant Angelo, and directed judgment of foreclosure and sale. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.